WM. PRESTON *v.* B. ROBERTS.

REDD & BRO. *v.* CITY OF LOUISVILLE.

[Abstract Kentucky Law Reporter, Vol. 5—57.]

**Sunday Publication of Notice.**

The publication of an ordinance on Sunday for street improvements, and on no other day, is not such a publication as the charter of the city of Louisville requires.

**Validity of City Ordinance.**

One of the essestial requisites of a valid ordinance is its publication, and without it the owner of property bordering upon a street to be improved under such ordinance, can not be held liable to pay an assessment on account of such improvement; and under the city charter providing that "In no event shall the city be liable for such improvements without having the right to enforce it against the property receiving the benefit thereof" the city is not liable to the contractor on account thereof.

APPEAL FROM LOUISVILLE CHANCERY COURT.

May 26, 1883.

OPINION BY JUDGE PRYOR:

This court in the case of *Ormsby v. City of Louisville,* 79 Ky. 197, 2 Ky. L. 66, 297, held that the publication on the Sabbath of the ordinances for street improvements, and on no other day, was not such a publication as the charter of the city of Louisville required; and this being the only issue presented on the present appeal so far as the appellant, Preston, is concerned the judgment against him is reversed with directions to dismiss the petition. As to the appeal of Redd & Bro. on the same record the question is again presented. Has the contractor any remedy against the city where, by reason of the neglect or the omission of the city council in the proceedings to have the streets improved, the owners of the adjacent property have been released from liability?

The hardship of the case is the principal and only argument advanced by counsel for the appellants, and if addressed to a legislative instead of a judicial body would present strong grounds for relief. The city charter provides with reference to street improvements that "in no event shall the city be liable for such improvements without having the right to enforce it against the property receiving the benefit thereof." II Acts 1869-70, ch. 460, § 12. This court in the case of *Craycraft v. Selvage,* 10 Bush (Ky.) 696, held that as the steps necessary to charge Craycraft's property had not been taken the city was not liable, and for the same reason the city is not liable to the appellants in this case. One of the essential requisites of a valid ordinance is its publication, and without it the owner of the property or the property bordering on the street to be improved can not be held responsible. So the principal inquiry of the contractor should be, when he ascertains the ordinance has been passed, to ascertain the further fact whether there has been a publication as required by the charter. The charter is the original law of the city, and those dealing with the corporation or by reason of the acts of the corporation, are presumed to know what the charter contains, and there is but little difficulty in ascertaining the fact of the publication, if any has been made. In *Craycraft v. Selvage,* 10 Bush (Ky.) 696, the court said: "We are compelled to hold that whenever the gen-

eral council has power by proper proceedings to improve a public way at the cost of the owners of adjacent property, it has no power, either by affirmative action or by neglecting to take proper steps to render such owners liable, to make the city responsible to the contractor." This law or particular provision of the charter was passed for the protection of the city against improvident contracts, and to prevent making the city responsible when the owner should pay for the improvement; and therefore, although the city authorities may neglect to take the proper steps to make the property liable, the contractor has no claim against the municipality, but must himself see that his rights as contractor are made secure.

In the case of the *City of Louisville v. Humphrey,* 5 Ky. Opin. 458, the ordinance was passed to improve a public alley and all the steps taken to make the property holder liable, but it turned out that it was a private alley and therefore the city had no right to improve it and the lot owners were released from liability. There was then a judgment taken against the city from which an appeal was prayed, and this court held that the city was not liable because of the provisions of the charter exempting it from liability unless the property bordering on the improvement could be made liable. There was a case in which all the proceedings were regular and the alley in full view of the council and the contractor and the work done, when it was discovered that it was a private and not a public alley, and the court still held that the city was not responsible. It would seem that the council might at least have known what streets were public and what private, and that the contractor would not be required to go back for years and trace the manner in which streets and alleys had been opened and dedicated to public use; but this court seeing the purpose of the statute, and its language so plain as not to permit of or require construction, held that the contractor must inform himself before assuming to discharge such a duty to the public; and while every case where work is done in good faith and the value of the labor is lost must necessarily strike the mind as unjust, still with a positive statute before us which if made ineffectual by construction would result in the same evils that its passage was intended to prevent, we must adjudge that the city is not liable and the judgment is therefore *affirmed.*

*Barrett & Brown, R. W. Woolley, John Marshal, for appellant, Preston.*

*W. B. Fleming, C. B. Seymour, for appellee, Roberts, and appellants, Redd & Bro.*

*T. L. Bennett, Lane & Harrison, for City of Louisville.*